UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ABU-ART ROBINSON and NADINE E.          NO. CIV. 2:10-3014 WBS GGH
ROBINSON,

        Plaintiffs,                     <u>MEMORANDUM AND ORDER RE:</u>
                                        <u>MOTION TO DISMISS</u>
  v.

WACHOVIA MORTGAGE; the
successors and assigns of
WORLD SAVINGS BANK; and DOES 1
through 20, inclusive,

        Defendants.
_____/

----oo0oo----

      Plaintiffs Abu-Art Robinson and Nadine E. Robinson
filed this action against defendants Wachovia Mortgage and the
successors and assigns of World Savings Bank arising from their
residential mortgage.  Wachovia Mortgage now moves to dismiss the
Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)
for failure to state a claim upon which relief can be granted.
Plaintiffs did not file an opposition or statement of

1

1    non-opposition to the motion.

2    I.   <u>Factual and Procedural Background</u>

3           Plaintiffs entered into a loan agreement with World
4    Savings Bank in August of 2005 to purchase property at 1124
5    Martinson Court in Sacramento, California.  (Compl. ¶ 2, Ex. A
6    (Docket No. 1).)  The note was secured by a Deed of Trust.  (<u>Id.</u>
7    Ex. A.)   While the Complaint lacks specifics, it appears that
8    plaintiffs have defaulted on their loan agreement "by virtue of
9    their inability to make all payments as they came due" and the
10   foreclosure process has been initiated, but a foreclosure sale
11   has not taken place.  (<u>Id.</u> ¶¶ 5-6, 10-11, 14, 20.)

12          Plaintiffs' claims are based on the loan origination
13   and the initiation of the foreclosure process.  Plaintiffs allege
14   that defendants "fail[ed] to provide the Plaintiff(s) with a copy
15   of the loan application (form 1003), the actual fully filled-out
16   and executed promissory note, [and] the 3-day Right of
17   Rescission" and that "the Truth In Lending Disclosure statement
18   is very inaccurate and deceptive and fails to give notice to
19   Plaintiff(s) [regarding] the extent of the obligations." (<u>Id.</u> ¶
20   7.)  Defendants allegedly gave plaintiffs "incomplete documents
21   that plaintiffs were told they must sign[] [and] insufficient
22   time to review the more than 50 pages the plaintiffs were
23   expected to read and sign in less than an hour." (<u>Id.</u> ¶ 8.)
24   While the Complaint does not allege what was misrepresented, the
25   Complaint alleges that misrepresentations induced plaintiffs "to
26   accept loan terms that they did not understand."   (<u>Id.</u> ¶ 18.)

27          The Complaint alleges that the "plaintiffs were placed
28   in an inappropriate loan that they could barely afford before any

2

1  re-set of interest rate or payment." (<u>Id.</u> ¶ 8.)  Plaintiffs

2  allege that the defendants had the "knowledge and experience to

3  evaluate the appropriateness of the loans and the standards of

4  the lending industry sufficient to determine if plaintiffs had

5  been dealt with fairly and if the selected loan product was

6  applicable for the plaintiffs." (<u>Id.</u> ¶ 12.)

7         Plaintiffs allegedly "have been threatened with

8  wrongfully [sic] and unlawfully [sic] dispossession of their real

9  property." (<u>Id.</u> ¶ 10.)  The Complaint alleges that defendants

10 have "perpetrated fraud on the plaintiff(s), if the allegations

11 are true that defendants do not hold the original promissory note

12 secured by the deed of trust."  (<u>Id.</u> ¶ 17.)

13        On September 28, 2010, plaintiffs filed this action in

14 state court, and defendants removed it on November 9, 2010.  The

15 Complaint asserts nine claims: (1) breach of contract, (2)

16 declaratory relief, (3) fraud, (4) intentional misrepresentation,

17 (5) negligent misrepresentation, (6) rescission and restitution,

18 (7) declaration of resulting or constructive trust, (8) quiet

19 title, and (9) accounting.  Wachovia Mortgage[1] now moves to

20 dismiss the Complaint pursuant to Rule 12(b)(6).

21 II.  <u>Discussion</u>

22        To survive a motion to dismiss, a plaintiff must plead

23 "only enough facts to state a claim to relief that is plausible

24 on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570

25

26        [1]   In the notice of removal, Wachovia Mortgage states that
   it is a division of Wells Fargo Bank, N.A., formerly known as
27 Wachovia Mortgage, FSB, formerly known as World Savings Bank,
   FSB, erroneously sued as the successor and assigns of World
28 Savings Bank.  (Docket No. 1.)

1  (2007).  This "plausibility standard," however, "asks for more

2  than a sheer possibility that a defendant has acted unlawfully,"

3  Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949

4  (2009), and where a complaint pleads facts that are "'merely

5  consistent with' a defendant's liability, it 'stops short of the

6  line between possibility and plausibility of entitlement to

7  relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  In deciding

8  whether a plaintiff has stated a claim, the court must assume

9  that the plaintiff's allegations are true and draw all reasonable

10 inferences in the plaintiff's favor.  Usher v. City of L.A., 828

11 F.2d 556, 561 (9th Cir. 1987).  However, the court is not

12 required to accept as true "allegations that are merely

13 conclusory, unwarranted deductions of fact, or unreasonable

14 inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055

15 (9th Cir. 2008) (internal quotation mark omitted).

16             A.   Breach of Contract Claim

17             While plaintiffs label their first claim as breach of

18 contract, plaintiffs actually appear to allege a breach of the

19 covenant of good faith and fail dealing.  "Every contract imposes

20 upon each party a duty of good faith and fair dealing in its

21 performance and its enforcement."  Marsu, B.V. v. Walt Disney

22 Co., 185 F.3d 932, 937 (9th Cir. 1999) (applying California law)

23 (internal quotation marks omitted).  That duty, known as the

24 covenant of good faith and fair dealing, requires "that neither

25 party . . . do anything which will injure the right of the other

26 to receive the benefits of the agreement."  Andrews v. Mobile

27 Aire Estates, 125 Cal. App. 4th 578, 589 (2d Dist. 2005)

28 (internal quotation marks omitted).  "[T]he implied covenant is

4

limited to assuring compliance with the express terms of the
contract, and cannot be extended to create obligations not
contemplated in the contract."  Racine & Laramie, Ltd. v. Dep't
of Parks & Recreation, 11 Cal. App. 4th 1026, 1032 (4th Dist.
1992).  "[T]he implied covenant is a supplement to an existing
contract, and thus it does not require parties to negotiate in
good faith prior to any agreement."  McClain v. Octagon Plaza,
LLC, 159 Cal. App. 4th 784, 799 (2d Dist. 2008).

        Here, plaintiffs rest this claim primarily on
allegations about defendants' conduct during the negotiation and
formation of the agreement.  However, defendants did not have a
duty of good faith and fair dealing during the loan origination.
See Lopez v. Wachovia Mortg., 2010 WL 2836823, No. C 10-01645, at
*8 (N.D. Cal. July 19, 2010) ("Thus, to the extent that the
complaint's allegations stem from the formation and negotiation
of the loan, plaintiff's claim for breach of the covenant must be
dismissed."); Madrid v. J.P. Morgan Chase Bank, N.A., No.
09-cv-00731 JAM GGH, 2009 WL 3255880, at *4 (E.D. Cal. Oct. 8,
2009).  Plaintiffs have also failed to sufficiently allege a
breach of the covenant subsequent to the loan origination.
Accordingly, the court will grant Wachovia Mortgage's motion to
dismiss this claim.

    B.   Fraud, Intentional Misrepresentation, and Negligent
         Misrepresentation Claims

        "The elements of fraud are: (1) a misrepresentation
(false representation, concealment, or nondisclosure); (2)
knowledge of falsity (or scienter); (3) intent to defraud, i.e.,
to induce reliance; (4) justifiable reliance; and (5) resulting

5

1    damage." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal.

2    4th 979, 990 (2004).   A claim for intentional misrepresentation

3    is a claim for fraud.   See Anderson v. Deloitte & Touche, 56 Cal.

4    App. 4th 1468, 1474 (1st Dist. 1997).   A claim for negligent

5    misrepresentation contains similar elements, but requires a

6    different state of mind.   BNSF Ry. Co. v. San Joaquin Valley R.

7    Co., No. 1:08-cv-01086 AWI SMS, 2010 WL 5158879, at *7 (E.D. Cal.

8    Dec. 14, 2010).   Negligent misrepresentation does not require an

9    intent to deceive, only an "assertion, as a fact, of that which

10   is not true, by one who has no reasonable ground for believing it

11   to be true," Cal. Civ. Code § 1710(2), or a "positive assertion,

12   in a manner not warranted by the information of the person making

13   it, of that which is not true, though he believes it to be true."

14   Cal. Civ. Code § 1572(2).

15         Under the heightened pleading requirements for claims

16   of fraud under Federal Rule of Civil Procedure Rule 9(b), "a

17   party must state with particularity the circumstances

18   constituting the fraud."   Fed. R. Civ. P. 9(b).   A plaintiff must

19   include the "who, what, when, where, and how" of the fraud.   Vess

20   v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

21   Negligent misrepresentation "sounds in fraud" and thus is also

22   subject to these heightened pleading standards.   Errico v.

23   Pacific Capital Bank, N.A., --- F. Supp. 2d ----, ----, No.

24   09-CV-04072, 2010 WL 4699394, at *13 (N.D. Cal. Nov. 9, 2010).

25         Here, the Complaint is devoid of allegations stated

26   with particularity.   It is not even clear what representations

27   were made to plaintiffs.   To the extent these claims rest on a

28   representation that defendants are entitled to foreclose on the

6

property despite not being the note holder, plaintiffs' claims

fail.  See Arvizu v. GMAC Mortg., LLC, No. 1:10-cv-00990 OWW JLT,

2010 WL 3958666, 2010 WL 3958666, at *5 (E.D. Cal. Oct. 8, 2010);

Castaneda v. Saxon Mortgage Servs., Inc., 687 F. Supp. 2d 1191,

1201 (E.D. Cal. 2009) ("Under California law, there is no

requirement for the production of the original note to initiate a

non-judicial foreclosure").  Accordingly, the court will grant

Wachovia Mortgage's motion to dismiss these claims.

        C.   TILA Claim

        The Complaint does not separately label a TILA claim.

However, plaintiffs allege TILA violations. (Compl. ¶ 7.)  To the

extent plaintiffs assert a TILA claim, a TILA claim is

timed-barred because the loan was made in August of 2005 (Compl.

Ex. A) and the Complaint was filed over five years later.  A TILA

damages claim has a one-year statute of limitations, 15 U.S.C. §

1640(e), and a TILA rescission claim has a three-year statute of

limitations.  Id. § 1635(f).  Although equitable tolling may

apply to a TILA damages claim, King v. California, 784 F.2d 910,

915 (9th Cir. 1986), plaintiffs do not allege facts suggesting

that equitable tolling applies.  Accordingly, to the extent that

plaintiffs assert a TILA claim, the court will dismiss this

claim.

        D.   Quiet Title Claim

        California Code of Civil Procedure section 761.020

states that a claim to quiet title requires: (1) a verified

complaint, (2) a description of the property, (3) the title to

which a determination is sought, (4) the adverse claims to the

title against which a determination is sought, (5) the date as of

1   which the determination is sought, and (6) a prayer for the

2   determination of the title.  Cal. Code Civil Proc. § 761.020.

3        The tender rule applies to a quiet title action.

4   Kozhayev v. America's Wholesale Lender, No. CIV S-09-2841 FCD DAD

5   PS, 2010 WL 3036001, at *5 (E.D. Cal. Aug. 2, 2010); see also

6   Shimpones v. Stickney, 219 Cal. 637, 649 (1934).  A "quiet title

7   action is doomed in the absence of Plaintiffs' tender of the full

8   amount owed."  Gjurovich v. Cal., No. 1:10-cv-01871 LJO SMS, 2010

9   WL 4321604, at *8 (E.D. Cal. Oct. 26, 2010).  Here, among other

10  deficiencies, plaintiffs have not alleged tender or the ability

11  to tender.  Accordingly, the court will grant Wachovia Mortgage's

12  motion to dismiss the quiet title claim.

13       E.   Remaining Claims

14        Plaintiffs' remaining claims are for declaratory

15  relief, rescission and restitution, declaration of resulting or

16  constructive trust, and accounting.  These claims are either

17  duplicative or derivative of the claims that the court will

18  dismiss.  Thus, because the court will dismiss the other claims,

19  the court will grant Wachovia Mortgage's motion to dismiss these

20  remaining claims.

21        IT IS THEREFORE ORDERED that Wachovia Mortgage's motion

22  to dismiss the Complaint be, and the same hereby is, GRANTED.

23        Plaintiffs have twenty days from the date of this Order

24  ///

25  ///

26  ///

27  ///

28  ///

1  to file an amended complaint, if they can do so consistent with

2  this Order.

3  DATED:   January 28, 2011

4

5                                                                    

6                    WILLIAM B. SHUBB
                     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28